**Ray L. BARBER, Plaintiff,**

v.

**LOEWS THEATRES, INC., Defendant.**

**Civ. A. No. 72–C–76–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Dec. 13, 1972.

William F. Stone, Jr., Stone, Joyce, Worthy & Stone, Martinsville, Va., for plaintiff.

Frank O. Meade, Meade, Tate, Meade & Daniel, Danville, Va., for defendant.

RULING ON MOTION TO DISMISS

DALTON, Chief Judge.

The plaintiff, a Virginia citizen, is suing the defendant, a New York Corporation, whose principal place of business is not in Virginia, for injuries sustained when one of defendant's employees negligently operated a forklift truck. Damages are claimed in the amount of $30,000.

The defendant has filed a motion to dismiss on the ground that the plaintiff is covered by Virginia's Workmen's Compensation Act. For the reasons set forth, the court will deny the defendant's motion.

§ 65.1–5 of the Virginia Code reads:

"Nothing in this Act contained shall be construed to make, for the purposes of this Act, the employees of an independent contractor the employees of the person or corporation employing or contracting with such independent contractor."

§ 65.1–29 states:

"When any person (in this section . . . referred to as 'owner') undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (in this section . . . referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him."

This court has recently discussed the relationship between § 65.1–5 and § 65.1–29. Holt v. Bowie, 343 F.Supp. 962 (W.D.Va.1972). In the *Holt* case this court stated the Virginia Supreme Court's position:

"[There is] . . . a distinction between an owner or employer who contracts out work, which he himself generally does perform or which in the ordinary course of his particular trade or business companies similarly situated actually do or could be expected to perform, and an owner or employer who contracts out work which he does not or never could be expected to perform. In the first situation liability of the owner under the Workmen's Compensation Act would attach; in the second case it would not." Holt v. Bowie, 343 F.Supp. 962, 965 (W.D.Va.1972).

It was argued in the Holt case that the true test of liability under this section was the use to which the project being completed or done by independent contractors would be put. If the work done by independent contractors in any way advanced or furthered the interests of the owner, then the employees of the independent contractor by operation of § 65.1–29 became in effect employees of the owner and were therefore precluded from suit. This court rejected that contention and held that liability would be imposed on the owner under the Workmen's Compensation Act only if the independent contractor was doing work which the owner generally performed. Therefore an injured employee of an independent contractor would be precluded from suing the owner of a project because of § 65.1–40 if the independent contractor was performing work generally done by the owner.

The plaintiff in the present case was employed by a North Carolina trucking firm. He was delivering tobacco to the Lorillard Division of the defendant. The injury was allegedly caused by one of defendant's agents who negligently operated a forklift truck.

The plaintiff's employer was an independent contractor. The question therefore is whether or not this independent contractor was performing work which was generally done by Lorillard or was generally done by similarly situated companies.

This court believes that tobacco companies do not as a part of the conduct of their usual business operations send out their own trucks to pick up tobacco from their suppliers. Generally the duty

is upon the seller to see that their tobacco reaches the processors. The sellers provide and pay for the transportation and the trucking companies are their agents. Indeed there is no evidence in the present case that Lorillard even hired the plaintiff's employer.

 Since the plaintiff's employer was not performing work generally done by defendant's Lorillard Division, defendant's motion to dismiss is denied because the employees of the trucking company did not become Lorillard's employees by operation of § 65.1–29, and they are not precluded from suing Lorillard because of § 65.1–40.